IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------X
FULLERENE INTERNATIONAL    )
CORPORATION,               )
9 EAST LOOCKERMAN STREET   )
DOVER, DELAWARE 19901      )
                           )
         Plaintiff,        )
                           )       Civil Action No.
     -v-                   )
                           )
HONORABLE JON W. DUDAS, UNDER )
SECRETARY OF COMMERCE FOR  )
INTELLECTUAL PROPERTY AND  )
DIRECTOR OF THE UNITED STATES )
PATENT AND TRADEMARK OFFICE, )
RANDOLPH BUILDING          )
401 DULANY STREET          )
ALEXANDRIA, VA 22314       )
                           )
         Defendant.        )
---------------------------------------------------------X

**COMPLAINT FOR JUDGMENT THAT PLAINTIFF IS
ENTITLED TO A PATENT PURSUANT TO 35 U.S.C. §145**

Plaintiff, FULLERENE INTERNATIONAL CORPORATION ("Plaintiff" or "FIC"), for its Complaint against defendant, alleges as follows:

**THE PARTIES**

1. This civil action is brought by Plaintiff against the Director of the United States Patent and Trademark Office for a judgment that Plaintiff is entitled to a patent pursuant to 35 U.S.C. §145.

2. Plaintiff is the assignee and owner of the entire right, title and interest in and to United States Patent Application Serial No. 08/236,933, entitled "New Form of

::ODMA\PCDOCS\ALEXANDRIA\35489\1

1938LT:0000:35489:1:ALEXANDRIA

assignment from the inventors, Donald R. Huffman and Wolfgang Kratschmer. FIC is a corporation organized under the laws of the State of Delaware, having its principal place of business at 9 East Loockerman Street, Dover, Delaware, 19901.

3. Defendant JON W. DUDAS is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office (hereinafter "USPTO"), who, in his official capacity as Director of the USPTO, is a legal resident of the District of Columbia and within the jurisdiction of this Court. Mr. Dudas is hereby sued in his official capacity as Director pursuant to 35 U.S.C. §145.

## JURISDICTION AND VENUE

4. FIC is dissatisfied with the decision of the Board of Patent Appeals and Interferences ("BPAI") of the USPTO which brought finality to the examination of the subject application. Jurisdiction and venue are proper in this Court pursuant to 35 U.S.C. §145 and, in the alternative, under 28 U.S.C. §§1338 and 1391.

5. The subject application, filed in the USPTO on May 2, 1994, is a continuation of United States Patent Application Serial No. 855,959, filed March 23, 1992, which is a continuation of United States Patent Application No. 781,549, filed October 22, 1991, which is a divisional of United States Patent Application No. 580,246, filed September 10, 1990, which is a continuation-in-part of United States Patent Application No. 575,254, filed August 30, 1990.

6. The subject application was filed in accordance with the laws of the United States and the rules of the USPTO and was duly prosecuted before the USPTO.

7. All pending claims, specifically claims 45-49, 51-84, 96, 181 and 203-248, of the subject application were finally rejected by the Examiner in charge of the application at the USPTO on August 7, 2000.

8. Plaintiff appealed to the BPAI. On or about March 30, 2005, the Board rendered its decision.

9. The BPAI, in its decision, reversed the rejection of Claims 83, 84 and 222 and indicated that the rejections of claims 181, 204-231, 233-248 were withdrawn.

10. The BPAI erroneously affirmed the rejection of claims 45-49, 51-82, 96, 203, and 232, indicating that these claims were not patentable for the reasons that such claims allegedly did not satisfy (a) the written description requirement and (b) the enablement requirement, each set forth in 35 U.S.C. §112, first paragraph.

11. On or about May 31, 2005, Plaintiff timely filed a request for rehearing of the BPAI's decision, requesting reconsideration of the rejection of claims 45-49, 51, 82-96, 203 and 232. The BPAI denied the request on June 21, 2006.

12. Moreover, in its denial of the Request for Reconsideration, the BPAI refused to consider additional evidence regarding facts that came to light after prosecution was closed. In a letter accompanying the filing of the Request for Rehearing, applicants requested that the BPAI consider this additional evidence.

13. The BPAI did not consider certain additional evidence that supports Plaintiff's position. Plaintiff brings this action to present the evidence that was not before the USPTO and to provide further evidence in support of a _de novo_ review based on an expanded record.

14. Accordingly, having exhausted its administrative remedies before the USPTO, the Plaintiff seeks relief from this Court as statutorily permitted under U.S.C. §145.

15. No appeal to the United States Court of Appeals for the Federal Circuit has been taken from the decision of the BPAI.

16. The claims at issue concern a process for preparing macroscopic amounts of $C_{60}$. It is the recitation of "macroscopic amounts" that the USPTO has erroneously found to be in violation of 35 U.S.C. §112, first paragraph.

## FACTUAL BACKGROUND

17. In 1985, Kroto, Heath, O'Brien, Curl and Smalley, published a paper in Nature which described an experiment in which these scientists postulated the discovery of a new form of carbon in the shape of a soccer ball. This molecule, called $C_{60}$, was neither graphite nor diamond, but represented the discovery of a new third form of carbon. $C_{60}$, in fact, is only one species of a larger class of molecules called fullerenes. However, this discovery identified $C_{60}$ in amounts that could be detected only by spectrometric means, not in amounts sufficient to see, touch or smell. In addition, although various utilities for this new material were postulated, the properties of this new form of carbon could not be verified, and thus $C_{60}$ remained only theoretical, not useful.

18. After the publication of the Nature article in 1985, scientists sought means of preparing these fullerene molecules on a scale large enough to see and touch, so that the theoretical properties postulated about these fullerene molecules could be verified and so that this new form of carbon could be actually utilized. For five years, scientists raced to be the first to isolate fullerenes, in macroscopic amounts.

19. The present inventors, Donald R. Huffman and Wolfgang Kratschmer, are recognized and acknowledged throughout the scientific community and the scientific literature as the first to isolate $C_{60}$ in macroscopic amounts.

20. The isolation of macroscopic amounts of $C_{60}$ by Huffman and Kratschmer was contemporaneously documented in Nature in 1990. This discovery, i.e., production of $C_{60}$ in useful macroscopic amounts, is universally recognized as the breakthrough invention which placed $C_{60}$ in the hands of the scientific community, for continued research, development and the commercialization of useful products.

## THE SUBJECT APPLICATION AND THE USPTO ACTION

21. The present application describes, inter alia, the process utilized by the inventors for preparing $C_{60}$ in "macroscopic amounts".

22. It is the term "macroscopic amounts" that the USPTO has rejected in this application.

23. The issue presented in this action concerns whether the applicants are entitled to claim processes for obtaining $C_{60}$ "in macroscopic amounts". The USPTO has taken the position that, pursuant to 35 U.S.C. §112, first paragraph, the subject patent application does not provide descriptive support for such claim language (the written description requirement); and that the application is not enabling for the person of ordinary skill in art to make and use $C_{60}$ in macroscopic amounts without undue experimentation (the enablement requirement).

24. Despite the contemporaneous acknowledgement of those skilled in the art, the universal recognition in the relevant scientific literature and the issuance of several corresponding foreign patents, the USPTO has erroneously refused to issue the present claims to the process for forming $C_{60}$ in macroscopic amounts.

25. In erroneously affirming the rejection of claims 45-49, 51-82, 96, and 203, and 232 for failing to comply with the enablement and written description requirements of 35 U.S.C. § 112, first paragraph, the BPAI has failed to apply the appropriate legal standards during its examination and review, and has failed to give proper consideration to the evidence provided during prosecution of the application. Such evidence includes the unrebutted expert testimony of Dr. Harold W. Kroto, a Noble Laureate for his role in discovering fullerenes, demonstrating that, in fact, there is adequate written description and enablement with respect to the invention recited in the rejected claims directed to the process of producing $C_{60}$ in macroscopic amounts.

26. The USPTO has made reversible errors of fact and law during its administrative examination and review of claims 45-49, 51-82, 96 and 203, refusing to allow a patent to issue with respect to these claims. Specifically, there is no substantial evidence of record to support the conclusions of the USPTO underlying the rejected claims.

27. Claims 45-49, 51-82, 96 and 203 are patentable, satisfy the applicable statutory and regulatory requirements and are entitled to issuance in a granted U.S. patent.

WHEREFORE, Plaintiff respectfully prays for the entry of judgment:

(a) Declaring that the USPTO erred in concluding that claims 45-49, 51-82, 96, 203 and 232 do not comply with 35 U.S.C. § 112, first paragraph;

(b) Reversing the Board of Patent Appeals and Interferences' affirmance of the Examiner's final rejection with respect to claims 45-49, 51-82, 96, 203 and 232;

(c) Declaring that United States Letters Patent should issue for the invention defined by claims 45-49, 51-82, 96, 203, and 232 of United States Patent Application Serial No. 08/236,933; and

(d) Granting such other and further relief as the Court shall deem just and proper.

Dated: August *17*, 2006

Respectfully submitted,

*/s/ William E. Jackson*
William E. Jackson, Esq.
Bar ID No. 44,016
Stites & Harbison PLLC
1199 N. Fairfax Street, Suite 900
Alexandria, VA 22314
(703) 739-4900

FULLERENE INTERNATIONAL CORPORATION
9 East Loockerman Street
Dover, Delaware 19901

Of counsel:

Frank S. DiGiglio
Mark J. Cohen
Richard J. Danyko
Scully, Scully, Murphy & Presser, P.C.
400 Garden City Plaza, Suite 300
Garden City, New York 11530
516-742-4343

B. Aaron Schulman
Stites & Harbison PLLC
1199 N. Fairfax Street, Suite 900
Alexandria, VA 22314
(703) 739-4900